1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                                    EASTERN DISTRICT OF CALIFORNIA

10

11   LILLIANA SANCHEZ,                          Case No. 1:23-cv-01169-NODJ-CDB

12                   Plaintiff,                 ORDER ON STIPULATION EXTENDING
                                                TIME FOR PARTIES TO FILE
13           v.                                 DISPOSITIONAL DOCUMENTS AS
                                                MODIFIED
14   EXPERIAN INFORMATION
     SOLUTIONS, INC, *et al.*,                  (Doc. 24)
15
                     Defendants.
16

17

18          On January 12, 2024, Plaintiff Lillian Sanchez filed a notice of settlement of her claims

19   against Defendant Equifax Information Services LLC. (Doc. 18).  On January 17, 2024, the Court

20   directed the parties to file dispositional documents by no later than February 5, 2024, or before that

21   date, show cause to extend the time for filing dispositional documents pursuant to Local Rule

22   160(b).  (Doc. 20).

23          Pending before the Court is the parties' stipulation for order extending their time to file

24   dispositional documents by approximately 60 days.  (Doc. 24).  The parties represent that good

25   cause exists for the extension because they "are continuing to work on carrying out the terms of the

26   settlement between the parties. These terms have not yet been completed, despite the Parties'

27   continued efforts in this regard."  *Id*. at 2.

28          The parties' apparent desire and intention to delay filing dispositional documents until after

they have completed performance of terms pursuant to their settlement agreement does not constitute good cause for an extension.  That is because, generally, a federal question claim as was presented in this case is "extinguished by the settlement and converted ... into a claim under a contract," a breach of which the parties should pursue in state court.  *See Kay v. Board of Educ. of City of Chicago*, 547 F.3d 736, 737, 739 (7th Cir. 2008).

Since it is clear from the pleadings that the parties have settled their respective claims, the claims are subject to dismissal under Federal Rule of Civil Procedure 41(a)(2) even though the parties have not yet entered a stipulated dismissal. This dismissal order could issue since "literal compliance with the stipulation requirement has not been required where the agreement of all parties is apparent." *Garber v. Chicago Mercantile Exchange*, 570 F.3d 1361, 1366 (Fed. Cir. 2009) (internal citation and quotations omitted).  *Accord, Eitel v. McCool*, 782 F.2d 1470, 1472-73 (9th Cir. 1986).

The Court declines to recommend dismissal at this juncture as it is apparent the parties have worked diligently to reach a negotiated resolution.  Instead, the Court will grant the parties 14 days to meet and confer prior to filing an appropriate stipulation for dismissal – no further extensions will be granted absent good cause unrelated to the parties' performance under the settlement agreement.

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff shall file dispositional documents no later than February 22, 2024.

IT IS SO ORDERED.

Dated:   **February 8, 2024**

UNITED STATES MAGISTRATE JUDGE

2