UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLIANA SANCHEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC, *et al.*,<br><br>    Defendants. | Case No. 1:23-cv-01169-NODJ-CDB<br><br>ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO COMPLY WITH COURT ORDERS AND FAILURE TO PROSECUTE<br><br>**THREE-DAY DEADLINE**<br><br>(Doc. 25) |

  On January 12, 2024, Plaintiff Lilliana Sanchez filed a notice of settlement of her claims against Defendant Equifax Information Services LLC. (Doc. 18). On January 17, 2024, the Court directed the parties to file dispositional documents by no later than February 5, 2024, or before that date, show cause to extend the time for filing dispositional documents pursuant to Local Rule 160(b). (Doc. 20).

  On February 5, 2024, the parties filed a stipulation for order extending their time to file dispositional documents by approximately 60 days. (Doc. 24). The Court declined to grant the parties' request and explained that their apparent desire and intention to delay filing dispositional documents until after they have completed performance of terms pursuant to their settlement agreement does not constitute good cause for such an extension. (Doc. 25 at 1-2). As the Court explained, that is because, generally, a federal question claim as was presented in this case is

"extinguished by the settlement and converted ... into a claim under a contract," a breach of which the parties should pursue in state court. *See*. *Id.* (citing *Kay v. Board of Educ. of City of Chicago*, 547 F.3d 736, 737, 739 (7th Cir. 2008)).

Nevertheless, the Court extended to the parties 14 additional days within which to file dispositional documents (*e.g.*, not later than February 22, 2024). *Id*. at 2. The Court further cautioned the parties that no further extensions would be granted unless they demonstrate good cause unrelated to the parties' performance under the settlement agreement. *Id*. Despite this warning, the parties have failed to timely file dispositional documents or any other responsive filing as directed by the Court.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the inherent power of the Court." Further, the Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).

Based on the foregoing, IT IS HEREBY ORDERED that **within three (3) days of entry of this Order**, the parties jointly shall show cause in writing why sanctions – up to and including financial sanctions and dismissal of the action – should not be imposed for their failure to comply with the Court's orders and failure to prosecute the action. In the alternative, the parties may comply with this Order by filing the requisite dispositional documents by that same deadline.

**Failure to comply with this Order will result in the imposition of sanctions.**

IT IS SO ORDERED.

Dated:   **February 23, 2024**               _____
                                                                    UNITED STATES MAGISTRATE JUDGE